**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STATE OF OKLAHOMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-054-GKF-TLW |
| | ) |
| TIGER HOBIA, as Town King | ) |
| and member of the Kialegee Tribal | ) |
| Town Business Committee; et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the court is defendants' Motion to Modify the Preliminary injunction [Dkt. #137].[1] In the motion, defendants ask the court to "modify [the preliminary injunction order] to allow the [d]efendants to continue construction of buildings to be used for sport bar/restaurant purposes." [*Id.* at 3]. Plaintiff State of Oklahoma (the "state") opposes the motion.

**I. Background**

The State filed suit on February 8, 2012, seeking declaratory, preliminary, and permanent injunctive relief to prevent Tiger Hobia, Town King of the Kialegee Tribal Town (as well as other tribal officers), Florence Development Partners, LLC ("Florence") and the Kialegee Tribal Town, a federally chartered corporation (the "Town Corporation"), from proceeding with the construction and operation of the proposed "Red Clay Casino" in Broken Arrow, Oklahoma. The State alleged defendants' actions violated both the April 12, 2011 Gaming Compact between the Kialegee Tribal Town and the State (the "Kialegee-State Gaming Compact") and the Indian

---

[1] The court, in a minute order entered May 31, 2012 [Dkt. #136], stated it would treat defendant's Notice of Changed Circumstances and Motion for Modification of Court's Oral Order as two separate and distinct motions: (1) a Motion to Modify the Preliminary Injunction; and (2) a Motion to Reconsider the Preliminary Injunction in light of subsequent changed circumstances.

Gaming Regulatory Act, 25 U.S.C. §§ 2701-2721 ("IGRA"). The same day, it filed a Motion for Preliminary Injunction. [Dkt. #4].

The court conducted a hearing on the State's Motion for Preliminary Injunction on May 16-18, 2012. At the conclusion of the hearing, the court issued an oral ruling granting the motion. [Dkt. #127].[2] On July 20, 2012, the court entered a written Opinion & Order containing findings of fact and conclusions of law. [Dkt. #150]. The court concluded defendants' actions violated IGRA and the Kialegee-State Gaming Compact because the restricted allotment was not the Kialegee Tribal Town's "Indian lands" as defined by IGRA, and that the Tribal Town did not exercise government power over the property within the meaning of IGRA. [*Id.* at 35-37, ¶¶37, 40-41]. The court concluded that defendants' "efforts to construct and operate a gaming facility on the Broken Arrow Property violate IGRA and—as to Class III gaming—the Kialegee-State Gaming Compact." [*Id.* at 41].

The court preliminarily enjoined defendants from (1) proceeding with development or construction of the proposed Red Clay Casino or any other gaming facility on the Broken Arrow Property; and (2) conducting Class III gaming on the Broken Arrow Property. [*Id.*]. The court noted defendants had admitted at the hearing the building under construction was "designed to be a sports bar and a casino," but stated "the court will entertain a motion to modify the injunction if defendants wish to alter the purpose of the structure and have obtained the necessary regulatory

---

[2] A week later, on May 25, 2012, Tracie Stevens, Chairwoman of the National Indian Gaming Commission ("NIGC") advised Town King Tiger Hobia the NIGC had concluded that while the Broken Arrow Property qualified as Indian land under IGRA, it is not within the Kialegee Tribal Town's jurisdiction because the Tribe had not demonstrated its legal jurisdiction over the parcel. [Dkt. ##134-1, 134-2]. She directed the Kialegee Tribal Town not to commence gaming under IGRA. [*Id.*]. On May 29, 2012, the Tribal Town submitted a Request for Reconsideration, in which, *inter alia,* it informed Stevens it had enrolled Giles and Capps as members on May 26, 2012. [Dkt. #138-1]. In a response dated June 8, 2012, the NIGC denied the Request for Reconsideration. [Dkt. #138-2]. Citing *Miami Tribe of Okla. v. U.S.*, 656 F.3d 1129 (10th Cir. 2011), *United States v. Mazurie*, 419 U.S. 544 (1975), and *Kansas v. U.S.*, 249 F.3d 1213 (10th Cir. 2001)*,* Stevens concluded "the change in circumstance presented does not alter the May 25 decision." [*Id.*].

2

approvals from the [Bureau of Indian Affairs] and/or the Muskogee (Creek) Nation for the alternative proposed use or uses." [*Id.* at 40-41].

## II. Motion to Modify

Defendants seek modification of the preliminary injunction to permit continued construction of the structure and operation of a restaurant/sports bar. Additionally, they advise the court that the property owners have requested defendants "to provide an asphalt surface over the access area and parking surface to allow the interim uses of a portion of the site," including use as a smoke shop. [Dkt. #133 at 2].

In its Motion for Preliminary Injunction, the State sought entry of a preliminary injunction prohibiting defendants from constructing or operation a casino on the Broken Arrow Property. The State did not seek to enjoin the construction and/or operation of any type of non-gaming facility.

This court previously noted it has subject matter jurisdiction over "any cause of action initiated by a State . . . to enjoin a class III gaming activity located on Indian lands and conducted in violation of any Tribal-State compact entered into pursuant to IGRA, 25 U.S.C. § 2710 (d)(7)(A)(ii)." [*See* Dkt. #105 at 15, 22 (internal quotation marks omitted"]. However, this court is without subject matter jurisdiction over a dispute between the current parties relating to the construction and operation of a restaurant/sports bar (and/or the laying of asphalt for a parking lot and entrances) on the Broken Arrow property.

As set forth in the court's written Opinion and Order of July 20, 2012, development or construction of a casino is enjoined. [*See* Dkt. #150 at 40-41]. However, this court is without subject matter jurisdiction to enjoin construction and operation of proposed non-gaming facilities. Accordingly, defendants' Motion to Modify is granted so as to clarify the scope of the

injunction. Additionally, the first complete sentence on page 41 of Docket #150[3] is stricken. The Motion to Modify is denied to the extent defendants seek an order affirmatively permitting or authorizing "construction of buildings to be used for sport bar/restaurant purposes" [*see* Dkt. #133 at 3], as this court is without subject matter jurisdiction to approve or disapprove the defendants' proposed non-gaming land use.

### III. Conclusion

For the reasons set forth above, defendants' Motion to Modify the Preliminary Injunction [Dkt. #137] is granted in part and denied in part.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] The sentence states: "However, the court will entertain a motion to modify the injunction if defendants wish to alter the purpose of the structure and have obtained the necessary regulatory approvals from the BIA and/or the Muskogee (Creek) Nation for the alternative proposed use or uses." [*See* Dkt. #150 at 41].